IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:14-CV-33-FL

| | |
|---|---|
| ECHOLS, *Accoutrement Hacienda NC d Echols, Cui Mandaris Depositario Republique*, ) ) ) ) Plaintiff, ) ) v. ) ) ) SHERIFF OF BERTIE; OFFICE OF SHERIFF OF BERTIE; DELEGATES OF SHERIFF OF BERTIE INVOLVED; SHERIFF OF BERTIE, *as Respondeat Superior*; SHERIFF JOHN HOLLY, *in capacity*; SHERIFF JOHN HOLLY, *as individual*; SURETY BOND; INSURER(S); MALEFACTORS; ) ) ) ) ) ) ) ) ) ) Defendants. ) | ORDER |

Pro se plaintiff(s) has/have initiated this action by a form of complaint with attached documents from which, as noted in prior orders, it is difficult to discern the nature of the allegations. It appears this case, and another recently filed, are related to foreclosure proceedings in Bertie County, North Carolina. It is difficult to discern the identity of all defendants, all as set forth in prior orders.

Also as noted, at the court's direction, the matter was referred to a magistrate judge to address fundamental deficiencies, resulting in order entered July 7, 2014 (DE 2), directing supplementation of complaint by July 28, 2014. That order was served on July 7, 2014, directed to the address given on the summons, and returned as undeliverable on July 22, 2014. As previously commented on by

the court, the check tendered to the clerk for the filing fee offers no clarity of issues concerning who has brought this lawsuit and where the plaintiff(s) may be served. The check was drawn on an account listed as belonging to WBTE 990 AM Radio, with address: Post Office Box 1008, Windsor, North Carolina 27983.

On July 22, 2014, the same day the clerk's service attempt was shown to have failed, a motion of sorts was received from the plaintiff(s) and filed. (DE 3). Plaintiff(s) seek the court to order the Bertie County clerk to serve the Bertie County sheriff in this proceeding.

Obviously, the plaintiff(s) did not adhere to the magistrate judge's July 28, 2014, deadline to supplement the complaint since the plaintiff(s) did not receive the order, though events occurring recently suggest there is some oversight from afar by the litigant(s), to which reference is made below. Given the clerk's further attempts to serve the magistrate's judge's order and the court's order entered July 30, 2014, failed, the court commented that it appears plaintiff(s) is/are using a sham address or otherwise secreting themselves so as to make it impossible for this case to proceed. As noted in prior order entered August 14, 2014, the court has cause now to dismiss this action. The court allotted thirty (30) days from that date within which the plaintiff(s) must show good cause why the case should be maintained, or dismissal will be ordered. Again, the clerk attempted service of that order at the addresses known to the clerk's office, and this mail was, again, returned. (DE 9, 10).

However, yesterday there was a motion for relief filed, wherein plaintiff(s) complain about inability to secure local counsel, despite having contacted over one hundred (100) attorneys. (DE 11). Reference is made to the earlier filed motion, and the court's failure to address same. Plaintiff(s) also makes mention of a Minnesota based attorney, who is attempting to retain local counsel. The case manager reports inquiries by a Minnesota based attorney recently concerning

general court procedures. At bottom, plaintiff(s) seek the court to allow more time to amend in light of described difficulties in representation. It would seem, then, that plaintiff(s) have some knowledge of the court's prior order(s), despite mail having been returned.

Plaintiff(s) reveal a little more about themselves, too, in separately filed financial disclosure statements, calling one "G. Echols" and referring to the other as "J. Echols". (DE 13, 14).

The court takes up the motions presented. There is no basis for the relief requested in that motion lodged on the docket at entry no. 3 and, accordingly, said motion is DENIED. The court will extend response time to the magistrate judge's order entered July 7, 2014, requiring supplementation of the complaint up to and until October 1, 2014. As such, that motion lodged on the docket at entry no. 11 is ALLOWED. However, if prior order on supplementation is not adhered to by that date, this action, with all of its deficiencies, then will be dismissed. Justice cannot be administered based on guesswork and speculation as to claims attempted and parties advancing.

SO ORDERED, this the 28th day of August, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge