IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:14-CV-33-FL

| | |
|---|---|
| JIMMIE ECHOLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **MEMORANDUM AND** |
| v. | ) **RECOMMENDATION** |
| | ) |
| SHERIFF OF BERTIE COUNTY, | ) |
| | ) |
| Defendant. | ) |

This matter is before the court on the motion of Defendant Sheriff of Bertie County ("Defendant") to dismiss the complaint of *pro se* Plaintiff Jimmie Echols ("Plaintiff") for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Def.'s Mot. [DE-32]. All responsive briefing is complete, and the pending motion is ripe for adjudication. The parties have not consented to the jurisdiction of the magistrate judge; therefore, the motion is considered here as a recommendation to the District Court. *See* 28 U.S.C. § 636(b)(1)(B); *see also* Local Civil Rule 72.3(c). For the reasons set forth below, it is recommended that Defendant's motion to dismiss be granted.

## I. BACKGROUND

On June 19, 2014, Plaintiff filed a *pro se* complaint in this court naming the following defendants: "Sheriff of Bertie, along with Office of Sheriff of Bertie, Delegates of Sheriff of Bertie involved, Sheriff of Bertie as Respondeat Superior, Sheriff Mr. John Holly in capacity, Sheriff Mr. John Holley as individual, surety bond, [and] insurer(s)." Compl. [DE-1] at 3. Plaintiff also included the following statement of claim: "claim complaint for neglect and duty failure, claim for conversion, claim for interference, claim for trespass, trial by jury demanded, [and] claim for

remuneration." *Id.* at 4. Plaintiff's claims relate to the loss of certain personal property during the execution of an order of possession on real property by the Sheriff of Bertie County after a foreclosure action in the North Carolina state courts. *Id.* at 6-8. On July 7, 2014, the undersigned entered an order directing Plaintiff to supplement his complaint by July 28, 2014 to address the following deficiencies: (1) failure to sufficiently identify Plaintiff's name; (2) failure to file a financial disclosure; (3) failure to file a civil cover sheet; and (4) failure to file summonses for each named Defendant. July 7, 2014 Order [DE-2]. On July 22, 2014, Plaintiff filed a motion requesting that the court order the Bertie County clerk to serve Defendant Sheriff of Bertie County in this proceeding. [DE-3]. On July 30, 2014, Judge Flanagan entered an order extending the deadline for Plaintiff to respond to the undersigned's July 7, 2014 Order until August 28, 2014. July 30, 2014 Order [DE-5] at 3.

On August 14, 2014, after several unsuccessful attempts to serve the court's orders upon Plaintiff, Judge Flanagan warned Plaintiff that this case would be dismissed with prejudice unless good cause was shown within 30 days for why the case should continue. Aug. 14, 2014 Order [DE-8] at 2. On August 27, 2014, Plaintiff filed a motion again requesting that the court order the Bertie County clerk to serve Defendant Sheriff of Bertie County, asking the court to allow an attorney licensed in Minnesota to represent Plaintiff without requiring local counsel, and seeking an "extension in this matter to claimant to amend and address concerns." [DE-11] at 2. On August 28, 2014, Judge Flanagan entered an order denying Plaintiff's motions seeking the court to direct the Bertie County clerk to serve process for Plaintiff and for waiver of the requirement of local counsel, but extending the time for supplementation of the complaint until October 1, 2014. Aug. 28, 2014 Order [DE-15]. In a motion filed on September 29, 2014, Plaintiff provided his correct mailing

2

address to the court and requested an extension of time until October 15, 2014 to submit his supplemented complaint, and until December 15, 2014 to serve the supplemented complaint on Defendant. [DE-22]. On October 8, 2014, Judge Flanagan entered an order granting Plaintiff's request for an extension of time. Oct. 8, 2014 Order [DE-26].

On October 2, 2014, Plaintiff filed a second complaint, captioned as a supplemental complaint. Suppl. Compl. [DE-23]. The supplemental complaint contains one claim of negligence, asserting that the Sheriff of Bertie County failed to comply with his statutory duty to obtain and protect Plaintiff's personal property while executing the order of possession in the foreclosure action. *Id.* The only defendant named in the supplemental complaint is the Sheriff of Bertie County, in both his individual and official capacities. *Id.* at 2. In the order granting Plaintiff's request for an extension of time, Judge Flanagan also directed the clerk to "alter the case caption as it appears on the court's electronic docket to reflect the newly disclosed identities of plaintiff and defendant." Oct. 8, 2014 Order [DE-26].

On October 30, 2014, Defendant answered Plaintiff's complaint and asserted the following affirmative defenses: (1) statute of limitations; (2) the doctrine of res judicata; and (3) the doctrine of collateral estoppel. Def.'s Answer [DE-31]. Additionally, on October 30, 2014, Defendant filed the instant motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Def.'s Mot. [DE-32]. On November 13, 2014, Defendant filed a memorandum in support of the motion to dismiss. Def.'s Mem. [DE-36]. On December 4, 2014, Plaintiff responded to Defendant's motion to dismiss, Pl.'s Resp. [DE-38], and on December 16, 2014, Defendant filed a reply to Plaintiff's Response. Def.'s Reply [DE-40]. On July 16, 2015, the undersigned entered an order directing Defendant to refile the state court order attached as an incomplete document to Defendant's motion

to dismiss and memorandum in support, *see* Def.'s Mot. Ex. 2 [DE-32-2]; Def.'s Mem. Ex. 2 [DE-36-2]. July 16, 2015 Order [DE-42]. On July 17, 2015, Defendant filed a complete version of the state court order. N.C. Order [DE-43].

## II. FACTUAL ALLEGATIONS

The following factual summary is taken from Plaintiff's supplemental complaint, [DE-23], unless otherwise indicated. On July 12, 2002, Plaintiff and others entered into an agreement, in which Plaintiff executed a promissory note secured by a deed of trust in favor of Branch Bank and Trust ("BB&T"). Suppl. Compl. [DE-23] at 2 ¶ 8. Plaintiff "was at all times part owner of the real and personal property, and serve[d] as guarantor on the loan from BB&T." *Id.* at 3 ¶ 9. "BB&T claimed Plaintiff defaulted on the loan and Defendant foreclosed on the real property which was part of the collateral on the loan. The original foreclosure as well as the Order for Possession was conducted by Ms. Vashi James, Clerk of Superior Court in the state of North Carolina." *Id.* at 2 ¶ 8. "The clerk entered an order finding the existence of a valid debt and that Plaintiff, among others was in default of the debt and the trustee possessed the right to foreclose." *Id.*

The clerk issued the order of possession on June 21, 2011, ordering possession of the foreclosed property to BB&T, and "Sheriff John Holley by J. E. Bowen executed the Order of Possession on July 12, 2011." *Id.* at 2 ¶ 8, 3 ¶ 9, 4 ¶ 16. According to Plaintiff, Defendant "did not remove the [Plaintiff's] personal property as required by the court Order of Possession, nor did any agent sign a statement that the [Plaintiff's] property remain on the premises." *Id.* at 4 ¶ 18. Further, Plaintiff alleges that Defendant failed to carry out his statutory duty when he "did not obtain and protect [Plaintiff's] personal property," instead leaving it with BB&T during the state foreclosure action, resulting in the loss of Plaintiff's personal property, including equipment necessary to operate

4

Plaintiff's radio station. *Id.* at 4-5 ¶ 19-20. On January 8, 2014, Plaintiff, proceeding *pro se*, challenged the foreclosure action in the North Carolina Court of Appeals. *Id.* at 3 ¶ 10. The North Carolina Court of Appeals affirmed the foreclosure. *Id.* at 3 ¶ 11.

In a separate action, on November 15, 2013, Plaintiff filed in the North Carolina Superior Court of Bertie County a complaint against the following defendants: "Offender Plaintiff Sheriff of Bertie along with Office of Sheriff of Bertie, Delegates of Sheriff of Bertie involved, Sheriff of Bertie as Respondeat Superior, Sheriff Mr. John Holly in Capacity, Sheriff Mr. John Holley as individual, [and] Continental National American Group CNA as surety bond." N.C. Compl. [DE-32-1]; [DE-36-1]. Plaintiff's state court complaint contains the following claims: (1) neglect and duty failure, (2) conversion, (3) interference, (4) trespass, and (5) remuneration. *Id.* at 6, 9-11. According to Plaintiff's Supplemental Complaint, however, "[t]hat case was dismissed with prejudice for lack of jurisdiction[,] for lack of service of process[,] and [for] failure to state a claim upon which relief can be granted." Suppl. Compl. [DE-23] at 4 ¶ 15.

Indeed, on February 14, 2014, the Honorable Cy A. Grant, Resident Superior Court Judge for Bertie County, dismissed Plaintiff's complaint with prejudice. N.C. Order [DE-43]. In his order, Judge Grant concluded the summons and service upon Defendant were fatally defective, the court lacked jurisdiction over the Sheriff of Bertie County due to lack of service, the complaint failed to state a claim upon which relief can be granted, and Plaintiff failed to sign the pro se complaint or state his address. *Id.* at 2-3 ¶¶ 1-5. Plaintiff appealed the dismissal of his complaint to the North Carolina Court of Appeals, but Plaintiff's appeal was dismissed on May 8, 2014. N.C. Ct. App. Dismissal [DE-32-3]; [DE-36-3].

5

## III. ANALYSIS

### A. Standard of Review

Pursuant to Rule 12(b)(6), a court may dismiss an action which fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). A 12(b)(6) motion to dismiss tests the sufficiency of the facts pleaded in the complaint and the relevant inquiry is whether the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In reviewing a motion to dismiss, a court is required to consider the complaint in the light most favorable to the plaintiff and to accept as true all well-pleaded factual allegations. *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994) (citation omitted). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Robinson v. Am. Honda Motor Co.*, 551 F.3d 218, 222 (4th Cir. 2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

The Supreme Court has also opined that Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93(2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* at 93 (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted). "Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

6

A pro se complaint involving civil rights issues must be liberally construed. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts setting forth a cognizable claim under federal law. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (holding that the court is not required to "conjure up questions never squarely presented.").

"If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, this rule is subject to several exceptions. "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The Fourth Circuit has "note[d] that '[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'" *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (1989) (citing 21 C. Wright & K. Graham, Federal Practice and Procedure: Evidence § 5106 at 505 (1977)); *see also* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

The statute of limitations, the doctrine of res judicata, and the doctrine of collateral estoppel are affirmative defenses that a party typically must raise in a pleading under Rule 8(c) of the Federal Rules of Civil Procedure, and are usually not appropriate grounds for dismissal. *Ga. Pac. Consumer Prods., LP v. Von Drehle Corp.*, 710 F.3d 527, 533 (4th Cir. 2013) (citations omitted) (discussing

7

res judicata and collateral estoppel); *Major Media of Se., Inc. v. City of Raleigh*, 621 F. Supp. 1446, 1451 (E.D.N.C. 1985) (discussing the statute of limitations). However, when the grounds for dismissal appear on the face of the pleadings, a defendant may properly assert these affirmative defenses through a Rule 12(b)(6) motion to dismiss. *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000) ("Although an affirmative defense such as res judicata may be raised under Rule 12(b)(6) 'only if it clearly appears on the face of the complaint,' *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993), when entertaining a motion to dismiss on the grounds of res judicata, a court may take judicial notice of facts from prior judicial proceedings when the res judicata defense raises no disputed issue of fact[.]") (some citations omitted); *see also Miller v. Pac. Shore Funding*, 224 F. Supp. 2d 977, 985 (D. Md. 2002) (citations omitted) ("When it appears on the face of the complaint that the limitation period has run, a defendant may properly assert a limitations defense through a Rule 12(b)(6) motion to dismiss.").

## IV. DISCUSSION

Defendant has moved to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) on three grounds: (1) the statute of limitations; (2) the doctrine of res judicata; and (3) the doctrine of collateral estoppel. Def.'s Mot. [DE-32] at 1-4; Def.'s Mem. [DE-36] at 2-4.

"The Supreme Court has expressly held that the full faith and credit statute 'directs a federal court to refer to the preclusion law of the State in which judgment was rendered.'" *In re Genesys Data Techs, Inc.*, 204 F.3d 124, 127 (4th Cir. 2000) (citing *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985)); 28 U.S.C. § 1738 (providing that state judicial proceedings "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken."). Accordingly, this court

must "look to the law of North Carolina to ascertain whether the prior state judgment should be afforded preclusive effect in this federal action." *Cannon v. Durham Cty. Bd. of Elections*, 959 F. Supp. 289, 292 (E.D.N.C. 1997) (citing *Davenport v. N.C. Dep't of Transp.*, 3 F.3d 89, 92 (4th Cir. 1993)).

## A. Res Judicata

In North Carolina, "[i]n order to successfully assert the doctrine of res judicata, a litigant must prove the following essential elements: (1) a final judgment on the merits in an earlier suit, (2) an identity of the causes of action in both the earlier and the later suit, and (3) an identity of the parties or their privies in the two suits." *Moody v. Able Outdoor, Inc.*, 169 N.C. App. 80, 84, 609 S.E.2d 259, 262 (2005).

### 1. *Final Judgment on the Merits*

Defendant argues that the state court's dismissal of Plaintiff's complaint operates as a final judgment on the merits. Def.'s Mot. [DE-32] at 3; Def.'s Mem. [DE-36] at 3. Plaintiff argues in response that the state court lacked personal jurisdiction over Defendant and thus could not have reached a final judgment on the merits. Pl.'s Resp. [DE-38] at 4-6. Additionally, Plaintiff alleges the state court's order is void because the court "usurped its power constituting a violation of due process of law" by ruling without personal jurisdiction. *Id.* at 4.

Under North Carolina law, the first element of res judicata is "a final judgment on the merits in an earlier suit." *Moody*, 169 N.C. App. at 84, 609 S.E.2d at 262. "A judgment must be on the merits and not merely relate to the matters of practice or procedure in order to have res judicata effect." *Herring v. Winston-Salem/Forsyth Cty. Bd. of Educ.*, 188 N.C. App. 441, 445, 656 S.E.2d 307, 310 (2008) (internal alteration and quotation marks omitted) (quoting *Kirby v. Kirby*, 26 N.C.

9

App. 322, 323, 215 S.E.2d 798, 799 (1975) (citation omitted)). Further, "[a] dismissal taken with prejudice indicates a disposition on the merits which precludes subsequent litigation to the same extent as if the action had been prosecuted to a final adjudication." *Riviere v. Riviere*, 134 N.C. App. 302, 517 S.E.2d 673 (1999) (citing *Johnson v. Bollinger*, 86 N.C. App. 1, 8, 356 S.E.2d 378, 383 (1987) ("With certain exceptions . . . N.C.R. Civ. P. 41(b) provides that *all* dismissals, including those under Rule 12(b)(6), operate as an adjudication upon the merits unless the trial court specifies the dismissal is without prejudice)); *see also* N.C. Gen. Stat. § 1A-1, Rule 41(b) ("Unless the court in its order for dismissal otherwise specifies, a dismissal under this section and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a necessary party, operates as an adjudication upon the merits.").

In cases where a court dismisses both on jurisdictional grounds and for failure to state a claim upon which relief can be granted, the dismissal is treated as an adjudication on the merits. *See McCallister v. Lee*, 739 S.E.2d 628, 2013 WL 1121204, at *1-3 (N.C. Ct. App. Mar. 19, 2013) (unpublished) (affirming a dismissal of plaintiff's complaint due to res judicata when the prior action was dismissed with prejudice pursuant to Rule 12(b)(1), (b)(2), (b)(5), and (b)(6) for lack of subject matter jurisdiction, lack of personal jurisdiction, insufficient service of process, and failure to state a claim on which relief could be granted); *cf. Street v. Smart Corp*, 157 N.C. App. 303, 305, 578 S.E.2d 695, 698 (2003) ("the trial court's order does not specify whether it applied Rule 12(b)(1) or (6) . . . [but] the trial court dismissed the action with prejudice. This implicates a Rule 12(b)(6), rather than a Rule 12(b)(1), dismissal.").

Here, the dismissal of Plaintiff's action in state court was done with prejudice and on the grounds of insufficiency of process, insufficiency of service of process, for lack of personal

10

jurisdiction, for failure to state a claim upon which relief can be granted, and for Plaintiff's failure to sign the complaint and include his address. N.C. Order [DE-43] at 2-3. Plaintiff contends the state court should not have reached the merits of the state court action because the court lacked jurisdiction. Pl.'s Resp. [DE-38] at 4. However, the North Carolina Court of Appeals has found res judicata applies when the prior law suit was dismissed on several Rule 12(b) grounds, including lack of personal jurisdiction. *See McCallister*, 2013 WL 1121204, at *2 (affirming a dismissal of plaintiff's complaint on the basis of res judicata when the prior action was dismissed with prejudice pursuant to Rule 12(b)(1), (b)(2), (b)(5), and (b)(6) for lack of subject matter jurisdiction, lack of personal jurisdiction, insufficient service of process, and failure to state a claim on which relief could be granted). In the prior action, the state trial court's order states, in relevant part:

> [B]ut said Compl[ai]nt fails to state a claim upon which relief can be granted as there is no such action as set forth in the Complaint filed herein[,] and the same should be dismissed pursuant to N.C.G.S. § 1A-1, Rule 12(b)(6).
> . . . .
>
> The Summons is fatally defective and this action should be dismissed for insufficiency of process pursuant to N.C.G.S. § 1A-1, Rule 12(b)(4).
>
> The service upon the Sheriff of Bertie County in his official and individual capacity by regular mail fails to comply with the requirements set for[th] in N.C.G.S. § 1A-1, Rule 4 and is fatally defective. The Complaint should be dismissed for failure of service of process pursuant to N.C.G.S. § 1A-1, Rule 12(b)(5).
>
> Absent proper service of process, this Court lacks jurisdiction over the Sheriff of Bertie County, individually or in his official capacity or any of his deputies in said action should be dismissed for lack of jurisdiction pursuant to N.C.G.S. 1A-1, Rule 12(b)(2).
>
> As the Complaint fails to state a claim upon which relief can be granted the same should be dismissed pursuant to N.C.G.S. §1A-1, Rule 12(b)(6).
>
> As the Plaintiff who has styled himself as the Defendant did not sign the pro se Complaint filed herein and did not state his address in violation of N.C.G.S. § 1A-1,

11

> Rule 11(a), this action should be dismissed.
>
> The various defects and failure to state a claim set forth above indicate that this matter should be dismissed with prejudice.

N.C. Order [DE-43] at 2-3. Typically, a dismissal on procedural grounds is done without prejudice, and, thus, does not act as a bar for future claims. *Herring*, 188 N.C. at 445, 656 S.E.2d at 310. Although the dismissal in the prior action was done partially on procedural grounds due to insufficiency of process, insufficiency of service of process, lack of personal jurisdiction, and violations of Rule 11(a), the dismissal was also on the merits for failure to state a claim pursuant to Rule 12(b)(6) and with prejudice. N.C. Order [DE-43]. A dismissal with prejudice indicates a disposition on the merits. *Parker v. Homestead Studio Suites Hotel*, No. 5:05-CV-69-BR, 2005 WL 3968291 at *3 (E.D.N.C. May 13, 2005) (unpublished) ("Under North Carolina law . . . a dismissal with prejudice is an adjudication on the merits and has res judicata implications.") (internal quotation marks and alterations omitted) (quoting *George v. McClure*, 245 F. Supp. 2d 735, 738 (M.D.N.C. 2003) (citations omitted)). Accordingly, where the dismissal of Plaintiff's prior state court action was for failure to state a claim and with prejudice, the dismissal operates as a final judgment on the merits for the purposes of res judicata.

### 2. *Prior Action Involving the Same Claim*

Defendant argues that Plaintiff's complaint in this action contains the same issues and claims as Plaintiff's prior state court action. Def.'s Mot. [DE-32] at 2-3; Def.'s Mem. [DE-36] at 2-4. Plaintiff simply argues that "[t]he facts of this federal case are therefore distinguishable from the state case which was before the Superior Court of Bertie County." Pl.'s Resp. [DE-38] at 3.

The second element of res judicata under North Carolina law is "an identity of the causes of

action in both the earlier and the later suit." *Moody*, 169 N.C. App. at 84, 609 S.E.2d at 262. "A judgment operates as estoppel not only as to all matters actually determined or litigated in the proceeding, 'but also as to all relevant and material matters within the scope of the proceeding which the parties, in the exercise of reasonable diligence, could and should have brought forward for determination.'" *Id.* at 84, 609 S.E.2d at 261 (quoting *Rodgers Builders, Inc. v. McQueen*, 76 N.C. App. 16, 22, 331 S.E.2d 726, 730 (1985)).

In both the prior state action and the instant case, the claims arise out of the Sheriff of Bertie County's allegedly negligent execution of the order of possession on July 12, 2011. *Compare* N.C. Compl. [DE-32-1] at 10; [DE-36-1] at 10 ("The sheriff did not execute the clerk issued writ to remove personal property from premises but put chattel in disregard to writ in possession of another, and such improvident action constitutes failure or neglect to perform duty of office."), *with* Suppl. Compl. [DE-23] at 4 ("The sheriff of Bertie County did not carry out his statutory duty when the sheriff did not obtain and protect the personal property which belonged to the [Plaintiff]. Rather, the sheriff left [Plaintiff's] personal property . . . with . . . BB&T . . . resulting in the loss of [Plaintiff's] personal property."). In the state action, Plaintiff listed five purported causes of action, one of which was negligence. N.C. Compl. [DE-32-1] at 6, 9-10; Def.'s Mem. Ex. 1 [DE-36-1] at 6, 9-10. In the instant case, the sole claim is negligence. Suppl. Compl. [DE-23] at 4-5. Thus, the only claim in Plaintiff's complaint is the alleged negligence of Defendant, which is one of the claims brought in Plaintiff's prior action. Accordingly, the prior action involved an identical claim, and the second element of res judicata is met.

### 3. *Identity of Parties*

Defendant argues that Plaintiff has filed suit against the same parties in both actions. Def.'s

13

Mot. [DE-32] at 2-3; Def.'s Mem. [DE-36] at 2-4. Plaintiff argues in response that the parties are different for res judicata purposes.[1] Pl.'s Resp. [DE-38] at 5. Specifically, Plaintiff argues that the parties in the two actions are different because (1) Continental National American was a party in the state complaint and (2) the Plaintiff does not know who the bond holder or surety is at this time. *Id.*

The third element of res judicata under North Carolina law requires "an identity of the parties or their privies in the two suits." *Moody*, 169 N.C. App. at 84, 609 S.E.2d at 262. Here, both Plaintiff and Defendant appear as named parties in both actions. The only change in parties is the removal of several defendants throughout the progression of Plaintiff's suit. *Compare* N.C. Compl. [DE-32-1]; [DE-36-1] (listing several defendants, including the Sheriff of Bertie in his individual and official capacities), *with* Suppl. Compl. [DE-23] (listing the Sheriff of Bertie County in his individual and official capacities as the sole defendant). Although Plaintiff points to the removal of Continental National American Group as a defendant in support of his argument that the parties in the two actions are not the same for res judicata purposes, that is not material because both Plaintiff and Defendant were included in both the state action and this action. *State ex rel. Tucker v. Frinzi*, 344 N.C. 411, 414, 474 S.E.2d 127, 128 (1996) (requiring a party asserting res judicata to show "that both the party asserting *res judicata* and the party against whom *res judicata* is asserted were either parties or stand in privity with parties.") (internal alteration omitted) (quoting *Thomas M. McInnis & Assoc. v. Hall*, 318 N.C. 421, 428, 349 S.E.2d 552, 556 (1986)). Accordingly, where Plaintiff and Defendant Sheriff of Bertie County were both parties in the North Carolina action and are parties to

---

[1] In Plaintiff's response to the motion to dismiss, Plaintiff alludes to other claims against the Superior Court of Bertie County. Pl.'s Resp. [DE-38] at 1-2 ("This is a case about abuse of discretion and neglect of statutory duty by the Superior Court of Bertie County . . . . Thus, the Plaintiff brings this independent action to federal court thereby attacking the judgment and order of the Superior Court of Bertie County."). However, the Superior Court of Bertie is not listed as a defendant in any of Plaintiff's filings nor does Plaintiff's complaint develop any factual allegations against the Superior Court of Bertie County. *See* Suppl. Compl. [DE-23].

14

the instant case, the third element requiring an identity of parties is satisfied.

Because Plaintiff's prior state action resulted in a final adjudication on the merits, the prior action involved the same claims, and the prior action involved the same parties, the doctrine of res judicata applies here and bars Plaintiff's action. Accordingly, Defendant's motion to dismiss the complaint for failure to state a claim on the basis of the doctrine of res judicata should be granted.

### B.     Collateral Estoppel and Statute of Limitations

Where the determination of Defendant's motion to dismiss based on res judicata disposes of the case in its entirety, the undersigned does not address Defendant's additional grounds for dismissal.

### V. CONCLUSION

For the reasons stated above, it is RECOMMENDED that Defendants' motion to dismiss [DE-32] be GRANTED.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties' counsel. Each party shall have until **August 31, 2015** to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C. Any response to objections shall be filed within **14 days** of the filing of objections.

If a party does not file written objections to the Memorandum and Recommendation by the

15

Case 2:14-cv-00033-FL   Document 44   Filed 08/14/15   Page 15 of 16

foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

This, the 14th day of August, 2015.

Robert B. Jones, Jr.
United States Magistrate Judge