IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:14-CV-33-FL

| | | |
|---|---|---|
| JIMMIE ECHOLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| BERTIE COUNTY SHERIFF, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to dismiss plaintiff's complaint for failure to state a claim. (DE 32). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr. entered a memorandum and recommendation ("M&R"), wherein it is recommended that the defendant's motion be denied and plaintiff's motion be denied. (DE 44). Plaintiff timely filed objections to the M&R and defendant responded. In this posture, the issues raised are ripe for ruling. For the reasons stated below, the court adopts the recommendation of the magistrate judge, and grants defendant's motion for summary judgment.

**STATEMENT OF THE CASE**

The court adopts the facts and procedural history as discussed in the M&R. The court briefly summarizes the following procedural and factual points relevant to resolution of plaintiff's objections.

On June 19, 2014, plaintiff, proceeding pro se, filed complaint against several defendants, which, in effect, were the above-named defendant in his individual and official capacities. (Compl., DE 1). Plaintiff alleged common law claims for negligence, conversion, "interference," trespass to land, arising out of the loss of or damage to certain personal property during defendant's June 21, 2011, execution of writ of possession following a foreclosure action in Bertie County Superior Court. On October 2, 2014, in response to a court order, plaintiff filed supplemental complaint removing various superfluous defendants and instead naming the above-named defendant as the sole party. (Supp. Compl., DE 23). Therein, plaintiff asserts a single claim for common law negligence. Plaintiff alleges: (1) defendant did not remove plaintiff's personal property while executing the writ of possession; (2) defendant did not sign a statement that the property remained on the premises; and (3) defendant had a statutory duty to protect plaintiff's personal property.[1]

Prior to the instant matter, in November 2012, plaintiff filed a motion in the Bertie County Superior Court seeking to set aside the trial court's foreclosure judgment, and the trial court denied the motion on January 30, 2013. Plaintiff appealed and North Carolina appellate courts affirmed the foreclosure. See In re Foreclosure of a Deed of Trust from Jimmie L. Echols, Gloria C. Echols, Vincent Boyd, & Republique, Inc., Dated July 12, 2002, Recorded in Book 799, Page 1, Bertie Cnty. Registry, No. COA13-804, 759 S.E.2d 710, 2014 WL 1797823 *2 (N.C. Ct. App. 2014) (unpublished). The Supreme Court of North Carolina denied discretionary review. See In re Echols, 367 N.C. 524, 762 S.E.2d 214 (2014).

In addition, in November 2013, plaintiff filed suit against defendant in the Bertie County Superior Court, alleging causes of action also arising out of the foreclosure. (DE 32-1). On February

---

[1] Plaintiff commenced a second action on July 1, 2014, against Branch Banking & Trust, Co., in case No. 2:14-CV-40-FL, in which he also raised claims arising out of foreclosure of his property and June 21, 2011 order of possession. The court addresses by separate order the claims raised in case No. 2:14-CV-40-FL.

2

14, 2014, the trial court dismissed plaintiff's November 2013, complaint with prejudice for improper service, failure to state a claim on which relief may be granted, failure to sign the complaint, and failure to provide an address. (DE 43 at 2, 3). Plaintiff appealed, and the North Carolina Court of Appeals dismissed plaintiff's appeal on May 8, 2014. (DE 32-3). The Supreme Court denied review on August 19, 2014. See Sheriff of Bertie v. Echols, 367 N.C. 525 (N.C. 2014).

On October 2, 2014, plaintiff filed a supplemental complaint in the instant matter containing one claim of negligence against the Sheriff of Bertie County, and properly identifying plaintiff as Jimmie Echols. (DE 23). On October 30, 2014, defendant answered plaintiff's complaint and filed a motion dismiss for failure to state a claim pursuant to F.R.C.P. 12(b)(6) and asserted the affirmative defenses of: (1) the statute of limitations; (2) the doctrine of res judicata; and (3) the doctrine of collateral estoppel. (DE 32, 36). On August 8, 2014, the magistrate court entered an M&R recommending that defendant's motion to dismiss be granted under the doctrine of res judicata.

**COURT'S DISCUSSION**

A.  Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

3

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir.1992); see also Edwards v. City of Goldsboro, 178 F.3d 231, 243–44 (4th Cir.1999). A complaint states a claim under 12(b)(6) if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

"Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (internal citations omitted). Further, "when entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact." Andrews v. Daw, 201 F.3d 521, 524 (4th Cir. 2000).

B.     Analysis

Plaintiff raises one issue in objecting to the M&R: whether the magistrate judge erred in dismissing on the basis of res judicata where the state court held that it did not have personal jurisdiction over defendants due to a failure of process. Plaintiff specifically took issue with the magistrate court's reliance on "an unpublished [North Carolina Court of Appeals] opinion, as a basis for controlling legal authority against the Plaintiff in the present case." (DE-45).

4

The doctrine of res judicata is "directed at preventing the possibility that a successful defendant, or one in privity with that defendant, will twice have to defend the same claim by the same plaintiff, or one in privity with that plaintiff." Bockweg v. Anderson, 333 N.C. 486 (N.C. 1993). In North Carolina, the doctrine of res judicata has three elements: "(1) that a previous suit resulted in a final judgment on the merits; (2) that the same cause of action is involved; and (3) that both the party asserting res judicata and the party against whom res judicata is asserted were either parties or stand in privity with parties." State ex rel. Tucker v. Frinzi, 344 N.C. 411, 414 (N.C. 1996) (internal quotations omitted).

Plaintiff did not object to the findings of the magistrate court on the second and third elements. Finding no clear error, the court adopts the finding of the magistrate judge insofar as whether the same cause of action is involved and that both the party against whom res judicata is asserted and the party asserting res judicata were parties to the previous suit.

In the present case, plaintiff has previously sued defendant in state court on a claim arising out of the same transaction or event. In the state court action, plaintiff asserted a claim against defendant in Bertie County Superior Court, but failed to serve defendant or provide an accurate address at which plaintiff could be contacted.[2] Defendant nevertheless received notice of the claim, and successfully defended it when he filed a motion to dismiss, which plaintiff alleges he did not know of until after it had been granted. The Superior Court of North Carolina granted the motion to dismiss for improper service, failure to state a claim on which relief may be granted, failure to sign the complaint, and failure to provide an address. (DE 43 at 2,3). Plaintiff now argues that the numerous defects in their complaint should have precluded the Superior Court from reaching a final

---

[2] Initially, these imperfections also existed in the instant case in federal court.

5

decision on the merits, and that plaintiff's state court case should have been dismissed purely on jurisdictional grounds.

Plaintiff suggests that because plaintiff did not properly serve defendant in the state court action, the Superior Court lacked personal jurisdiction over defendant, and therefore could not have made a ruling on the merits, even though defendant appeared and litigated the case. The M&R refers to an unpublished North Carolina Court of Appeals case in which res judicata was held to apply where the previous court had dismissed a claim for both lack of personal jurisdiction and on the merits. See McAllister v. Lee, 739 S.E.2d 628, 2013 WL 1121204, at *1-3 (N.C. App. 2013). The magistrate court also refers to a published court of appeals that states that a "dismissal taken with prejudice indicates a disposition on the merits which precludes subsequent litigation to the same extent as if the action had been prosecuted in a final adjudication." Riviere v. Riviere, 517 S.E.2d 673, 676 (N.C. App. 1999).

Plaintiff's objection is without merit. "[B]ecause North Carolina currently has no mechanism for us to certify questions of state law to its Supreme Court, [the court] must follow the decision of an intermediate appellate court unless there is persuasive data that the highest court would decide differently." Town of Nags Head v. Toloczko, 728 F.3d 391, 398 (4th Cir. 2013). The court has not found persuasive data that the Supreme Court of North Carolina would decide the issue raised differently from McAllister, as the holding in McAllister is not inconsistent with the treatment of res judicata by the Supreme Court of North Carolina. While the doctrine of collateral estoppel does require that the precluded determination be necessary to the outcome of the case, no such necessity requirement exists in the res judicata analysis, and this is noted as a difference between the two doctrines. See e.g., Ex rel. Tucker, 344 N.C. at 414; Whiteacre Partnership v. Biosignia, 591

6

S.E.2d 870, 873 (N.C. 2004). Plaintiff refers to Cole v. Cole, 247 S.E.2d 16 (N.C. App. 1978), a case in which the defendant was able to set aside a default judgment due to improper service. Plaintiff also cites a case from the Supreme Court of Missouri, and another from the Missouri Court of Appeals dealing with collateral attacks on personal judgments obtained by default. See Crouch v. Crouch, 641 S.W.2d 86 (1982); Maul v. Maul, 103 S.2.3d 819 (MO App. 2003). These cases are neither relevant nor binding on the court. All of these cases involve the defensive use of failure of service in cases where defendant did not receive notice and never appeared in court. Instead, the instant case is one in which plaintiff seeks to use the defects in their own pleadings offensively, where defendant appeared in the state court and the state court made a final judgment on the merits.

Accordingly, the instant case is an attempt by plaintiff to relitigate a claim that had reached a final adjudication on the merits in an earlier case. Therefore, plaintiff's claim against defendant must be dismissed as res judicata.

## CONCLUSION

Based on the foregoing, the court ADOPTS the recommendation of the magistrate judge and GRANTS defendant's motion to dismiss. The clerk is DIRECTED to close this case.

SO ORDERED this the 30th day of September, 2015.

*/s/ Louise W. Flanagan*
LOUISE W. FLANAGAN
United States District Judge

7